**Dennis JUBILEE, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 12, 1997.

Decided Jan. 29, 1998.

No appearance entered for petitioner.

Arthur R. Thomas, Asst. Counsel, Harrisburg, for respondent.

Before COLINS, President Judge, FRIEDMAN, J., and RODGERS, Senior Judge.

FRIEDMAN, Judge.

Dennis Jubilee (Jubilee) filed a petition for a writ of mandamus pursuant to this court's original jurisdiction under section 761 of the Judicial Code, 42 Pa.C.S. § 761, asserting that the Pennsylvania Board of Probation and Parole (Board) has not disposed of his application for parole as is required by law. We deny Jubilee's petition for a writ of mandamus.

Jubilee is a prisoner, currently incarcerated in Graterford Prison. In July of 1996, after Jubilee filed an application for parole, the Board reviewed him for possible parole, but denied parole due to the nature of his offense. On February 16, 1997, Jubilee filed another application for parole, once again requesting that the Board review his application and grant him parole. The Board took no action on Jubilee's February 16, 1997 parole application; thus, on August 14, 1997, Jubilee filed a petition for a writ of mandamus with this court, requesting that we compel the Board to dispose of Jubilee's parole application.

Jubilee argues that the Board was required to dispose of his parole application within six months of the date that it was filed, as required by the Pennsylvania Probation and Parole Act,[1] 61 P.S. § 331.22. Be-

---

1. Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. §§ 331.1–331.34a.

cause the Board did not respond to Jubilee's February 16, 1997 parole application within six months of the date that it was filed, Jubilee argues that the Board violated the statute and his constitutional rights to due process. We disagree.

61 P.S. § 331.22 (emphasis added) was amended, effective December 18, 1996, to provide, in pertinent part, the following:

> [T]he board shall not be required to consider nor dispose of an application [for parole] by a prisoner or his attorney where a parole decision has been issued by the board on that case *within one year of the date of the current application for parole.*

Here, because the Board issued a parole decision in July of 1996, within one year of Jubilee's current application for parole, dated February 16, 1997, the Board was not required to consider or dispose of the February 16, 1997 parole application.[2] Thus, the Board did not err in failing to consider Jubilee's February 16, 1997 parole application, and, accordingly, we deny Jubilee's petition for a writ of mandamus.

### ORDER

AND NOW, this 29th day of January, 1998, Dennis Jubilee's petition for a writ of mandamus is hereby denied and dismissed.

---

2. In arguing that the Board is required to dispose of his parole application within six months of the date that it is filed, it is unclear whether Jubilee relies on the older 61 P.S. § 331.22 statutory provision or the newly-amended 61 P.S. § 331.22 provision to make this argument. No matter which provision Jubilee relies on, his argument must fail. Jubilee may be relying on the older 61 P.S. § 331.22 which provided that an "[a]pplication shall be disposed of by the board within six months of the filing thereof." If this is the case, Jubilee's argument must fail because the Act of December 18, 1996, P.L. 1098, No. 164, which was effective immediately, amended 61 P.S. § 331.22 by inserting into the provision the clause which provides that "the board shall not be required to consider nor dispose of an application by a prisoner ... where a parole decision has been issued by the board on that case within one year of the date of the current application for parole." 61 P.S. § 331.22. Jubilee, however, may be relying on the amended version of 61 P.S. § 331.22, which also provides that an "[a]pplication shall be disposed of by the board within six months of the filing thereof." 61 P.S. § 331.22. Although the statute is inartfully written, Jubilee's argument would still fail because it is clear from the reading of the entire provision that the one year requirement set out in the amended 61 P.S. § 331.22 specifically provides for situations where a prisoner files a parole application less than one year after the Board has issued a parole decision in the case; this is the situation we have here. Thus, the six month requirement that Jubilee relies upon is inapplicable, no matter what its source.